ADRIAN M. PRUETZ – State Bar No. 118215
apruetz@glaserweil.com
MIEKE K. MALMBERG - State Bar No. 209992
mmalmberg@glaserweil.com
JESSICA E. MENDELSON - State Bar No. 280388
jmendelson@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

OSCAR L. ALCANTARA (*Pro Hac Vice Forthcoming*)
oscar.alcantara@goldbergkohn.com
JULIE F. STEWART (*Pro Hac Vice Forthcoming*)
julie.stewart@goldbergkohn.com
GOLDBERG KOHN LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-3977
Facsimile: (312) 863-7477

*Attorneys for Plaintiff*
*Wag Hotels, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WAG HOTELS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WAG LABS, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO.: 2:15-cv-04408<br><br>**COMPLAINT FOR**<br><br>**1. TRADEMARK INFRINGEMENT**<br><br>**2. CALIFORNIA STATUTORY UNFAIR COMPETITION**<br><br>**[JURY TRIAL DEMANDED]** |

Wag Hotels, Inc. ("Wag Hotels"), by and through its undersigned counsel, submits this Complaint against Defendant Wag Labs, Inc. ("Defendant") and alleges as follows:

## THE PARTIES

1. Wag Hotels is a corporation established under the laws of the state of Delaware with its principal place of business located in San Francisco, California.

2. Defendant is a Delaware corporation with its principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

3. This action arises under the laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1051, et seq. This Court has original jurisdiction over this action under 15 U.S.C. § 1121, and 28 U.S.C. §1331. This Court has supplemental jurisdiction under 28 U.S.C. §1367 because the claims are so related as to form part of the same case or controversy.

4. Personal jurisdiction and venue are proper in this district under 28 U.S.C. § 1391 because Defendant has a regular and established address in this judicial district, is subject to personal jurisdiction in this district, and because a substantial part of the events or omissions giving rise to Wag Hotel's claim occurred in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the California Long Arm Statute, due at least to their business in this forum directly related to the allegations set forth herein, including: (i) a portion of the infringement alleged herein, including marketing, distributing, displaying and/or selling infringing services bearing confusingly similar imitations of the Wag Hotels trademark; (ii) the presence of established distribution and/or marketing channels; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals and entities in California and this judicial district.

7. On information and belief, Defendant has availed itself of the benefits and privileges of conducting business in the State of California, and therefore, the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Wag Hotels is in the business of operating pet resort facilities in multiple locations in California, including boarding, pet-sitting, grooming, training and exercise services since 2005.

6. In October 2005, Wag Hotels began using the terms WAG and WAG HOTELS as trademarks for its services.

7. Wag Hotels filed an application for and received a registration in the U.S. Trademark Office for the mark shown in the drawing below, U.S. Trademark Registration No. 3465083, covering kennel services ("the Mark"), attached as Exhibit A:



8. The services that Wag Hotels offers in connection with its kennel services include boarding, training, grooming and exercise. Wag Hotels provides its services to clients who kennel their pets at Wag Hotels' facilities overnight, and also to clients who kennel their pets at Wag Hotels' facilities temporarily during the day, for pet-sitting services. Included with its kennel services, Wag Hotels also provides its clientele with

1 dog-walking services.

2     9.    Wag Hotels has used and promoted the Mark extensively, such that it has acquired valuable goodwill and has come to be recognized as identifying the quality services offered by Wag Hotels.

    10.    Defendant is in the business of providing temporary pet care services in the form of dog-walking.

    11.    Commencing in January 2014, long after Wag Hotels began using the Mark, Defendant began offering dog-walking services in this judicial district using the brand name WAG.

    12.    On information and belief, Defendant's services and mark are identical or confusingly similar to, and compete with Wag Hotels' services.

    13.    On or about May 26, 2015, Wag Hotels informed Defendant that Defendant's use of the mark WAG violated Wag Hotels' trademark rights in the Mark. Defendant has refused to cease its infringing conduct in continued violation of Wag Hotels' Mark.

    14.    Defendant's use, offer for sale and sale of confusingly similar services, using the same or similar marks, is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that Defendant's services are developed by, designed by, authorized by, or in some manner associated with Wag Hotels, which they are not. The likelihood of confusion, mistake, and deception engendered by Defendant's misappropriation of Wag Hotels' mark is causing irreparable harm to the goodwill symbolized by these marks and the reputation for quality that they embody, in California and in this District. On information and belief, Defendants continue to use, offer for sale, and sell confusingly similar imitations of Wag Hotels' services that compete with those services provided by Wag Hotels.

## COUNT I

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

    15.    The foregoing acts, practices and conduct constitute an infringing use in

1038056

interstate commerce of a reproduction, counterfeit, copy or colorable imitation of the Mark, and the sale, offering for sale, distribution or advertising of goods and services in connection therewith, and such use is likely to cause confusion or mistake or to deceive the public with respect to the Mark, in violation of 15 U.S.C. § 1114(1).

16. As a direct and proximate result of the foregoing acts, practices and conduct, Wag Hotels has been or is likely to be substantially injured in its business, including its reputation, by Defendant's use and infringement of the Mark, resulting in lost revenues and profits, and diminished goodwill and reputation.

17. Wag Hotels has no adequate remedy at law, because the Mark represents to the public Wag Hotels' identity, reputation and goodwill, such that damages alone cannot fully compensate for Defendant's misconduct.

18. Unless enjoined by the Court, Defendant will continue to infringe the Mark to Wag Hotels' irreparable injury. This threat of future injury to Wag Hotels' business identity, goodwill and reputation requires injunctive relief to prevent such infringement and to ameliorate and mitigate Wag Hotels' injury.

## COUNT II

## (CALIFORNIA STATUTORY UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. AND PROF. CODE § 17200)

19. Wag Hotels realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

20. Defendant's acts as alleged above constitute unfair competition in violation of Cal. Bus. and Prof. Code § 17200. Defendant has alleged in unlawful, unfair or fraudulent business practices within the meaning of Cal. Bus. and Prof. Code § 17200.

21. Defendant is performing the acts alleged herein with full knowledge of Wag Hotels' trademark rights and intentionally for the purposes of injuring Wag Hotels and to confuse and deceive consumers by creating the false and misleading impression that Defendant's services are provided, endorsed, sponsored, approved or licensed by

Wag Hotels.

22. As a result of Defendant's wrongful acts, Wag Hotels has suffered and will continue to suffer loss of income, profits and valuable business opportunities, and if not preliminarily or permanently enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits and valuable business opportunities as a result of its wrongful acts.

23. Pursuant to Cal. Bus. and Prof. Code § 17200, Wag Hotels seeks and order of this Court enjoining Defendant from continuing to engage in the unlawful, unfair or fraudulent acts or practices set forth herein as well as restitution or disgorgement of any monies received by Defendant through such acts or practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Wag Hotels, Inc. respectfully requests a judgment in its favor against Defendant and the following relief:

(a) an injunction against Defendant prohibiting it from using WAG as a trademark or commercial identifier, or in any manner relating to Defendant's services.

(b) an award of the damages suffered by Wag Hotels as proven at trial, including, without limitation, a disgorgement of Defendant's profits earned using the infringing mark;

(c) attorneys' fees;

(d) court costs; and

(e) such other or further relief as this Court deems just.

Date: June 10, 2015

Respectfully submitted,

/s/      Mieke K. Malmberg
Adrian M. Pruetz
Mieke K. Malmberg
Jessica E. Mendelson
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP

1038056

Oscar L Alcantara *(pro hac vice forthcoming)*
Julie F. Stewart *(pro hac vice forthcoming)*
GOLDBERG KOHN LTD

*Attorneys for Plaintiff*
*Wag Hotels, Inc.*

# **DEMAND FOR JURY TRIAL**

Wag Hotels demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: June 10, 2015

Respectfully submitted,

/s/     Mieke Malmberg
Adrian M. Pruetz
Mieke K. Malmberg
Jessica E. Mendelson
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP

Oscar L Alcantara *(pro hac vice forthcoming)*
Julie F. Stewart *(pro hac vice forthcoming)*
GOLDBERG KOHN LTD

*Attorneys for Plaintiff
Wag Hotels, Inc.*