ADRIAN M. PRUETZ – State Bar No. 118215
apruetz@glaserweil.com
MIEKE K. MALMBERG - State Bar No. 209992
mmalmberg@glaserweil.com
GLASER WEIL FINK HOWARD
 AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

OSCAR L. ALCANTARA (admitted *Pro Hac Vice*)
oscar.alcantara@goldbergkohn.com
JULIE F. STEWART (admitted *Pro Hac Vice*)
julie.stewart@goldbergkohn.com
GOLDBERG KOHN LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-3977
Facsimile: (312) 863-7477

*NOTE CHANGES MADE BY THE COURT.*

Attorneys for Plaintiff Wag Hotels, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WAG HOTELS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> WAG LABS, INC., a Delaware Corporation, <br><br> Defendant. | CASE NO.: CV-15-04408RGK (AGRx) <br><br> Hon. R. Gary Klausner <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER <br><br> Trial: September 27, 2016 <br> Pretrial Conference: September 1, 2016 <br> Motion Cut-Off: July 12, 2016 <br> Discovery Cut-off: June 29, 2016 <br> Complaint Filed: June 10, 2015 <br> Courtroom: 850 |

STIPULATED PROTECTIVE ORDER

7744660

## I. PURPOSE AND LIMITATIONS

1. The parties to the above-captioned action believe that good cause exists for the entry of this Stipulated Protective Order because disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff WAG HOTELS, INC. ("Plaintiff" or "Wag Hotels") and Defendant WAG LABS, INC. ("Defendant" or "Wag Labs") (collectively, the "Parties") hereby stipulate to and petition the Court to enter this Stipulated Protective Order.

2. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Paragraph 54 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITIONS

3. "This Action" shall refer to the above captioned lawsuit, styled as WAG HOTELS, INC. v. WAG LABS, INC Case No. 2:15-cv-04408-RGK-AGR (C.D. Cal.).

4. "Party" shall refer to any party to This Action, including all of its officers, directors, employees, and their supporting staffs.

5. "Outside Counsel" shall refer to any attorneys who are not employees of a Party to This Action but are retained to represent or advise a Party to This Action.

6. "Non-Party" shall refer to any natural person, partnership, corporation, association, or other legal entity that is not a Party to This Action.

7. "Expert" shall refer to any person with specialized knowledge or experience in a matter pertinent to This Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in This Action, (2) is not a past or current employee of a Party or a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party. Either Party may object to an Expert that has been an employee of either Party or a competitor of either Party. The objection must be made within five (5) days of the disclosure of the Expert.

8. "Professional Vendor" shall refer to any person or entity that provides litigation support services, e.g. videotaping, translating, preparing exhibits or demonstrations, and their employees and subcontractors.

9. "Challenging Party" shall refer to a Party or Non-Party that challenges the designation of information or items under this Order.

10. "Protected Material" means any information designated, in proper accordance with this Protective Order, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

11. "Discovery Material" means all items or information, including items or information from a Non-Party, regardless of the medium or manner generated, stored, or maintained (including testimony, transcripts, or tangible things), that are produced, disclosed, or generated in connection with discovery in this matter, including documents, deposition testimony, or discovery responses.

12. "Producing Party" shall refer to any Party to This Action, or to any Non-Party, who discloses, testifies about, produces, or makes available for inspection any Protected Material.

13. "Receiving Party" shall refer to any Party to This Action who receives Protected Material from a Producing Party, whether in response to a particular discovery request, obligation imposed by the Federal Rules of Civil Procedure, or other orders of the Court.

14. "Confidential" information or items shall mean and include any document, thing, deposition testimony, interrogatory response, response to requests for admissions and requests for production, disclosure pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery, settlement communications, negotiations, or in any other manner in This Action, which contains information that is non-public, confidential, and/or proprietary, whether personal, such as information regarding employees' personal and employment information, or business related, such as information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidentiality designation, including for example non-public customer lists, past product development, past business/strategic plans, past sales projections, past marketing plans, and non-public contracts. Certain limited types of "Confidential" information may be further designated, as defined and detailed below, as "Highly Confidential – Attorneys' Eyes Only."

15. "Highly Confidential – Attorneys' Eyes Only" shall mean extremely sensitive Confidential information or items, disclosure of which to another party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This type of information and items includes, without limitation, current business or strategic plans, future sales or financial projections, future marketing plans, detailed sales and financial data, trade secrets, or other highly sensitive, proprietary, competitive, or financial information.

16. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in This Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of This Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

III. <u>SCOPE</u>

17. The protections conferred by this Protective Order cover not only Protected Material, as defined above, but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

To the extent any Protected Material is marked "Attorneys' Eyes Only", Counsel for the Party to whom such material is produced may provide a broad summary of such material that is sufficient for the Party to understand the general nature of the material as long as Counsel's description does not reveal the substance of the Attorneys' Eyes Only information.

18. The protections conferred by this Protective Order do not cover the following: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including information becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

19. Any use of Protected Material at trial shall be governed by a separate agreement or order.

20. This Protective Order will only apply to discovery proceedings. The use of Protected Material in other contexts, including filings and during court proceedings, is governed by Local Rules and/or the presiding judge.

## IV. DURATION

21. This Stipulated Protective Order shall become effective, as a stipulation between the Parties, immediately upon the filing of the motion to enter the stipulated protective order, notwithstanding the pendency of approval by the Court, and the

Parties shall treat any Protected Material produced before court approval as provided herein. In the event the Court modifies this stipulated Protective Order, the terms of the modified Protective Order shall become effective with respect to all Protected Material regardless of when it was produced.

22. Even after Final Disposition of This Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or the confidentiality obligations expire pursuant to this Protective Order.

## V. DESIGNATING PROTECTED MATERIAL

23. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order shall take care to in good faith limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

24. <u>Prohibition of Mass, Indiscriminate, or Routinized Designations</u>. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, at the discretion of the Court.

25. <u>Mistaken Designation Must Be Promptly Withdrawn</u>. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation. If there is any disagreement concerning

whether or not the information is entitled to protection, the Designating Party may maintain the designations until the court renders a determination.

26. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, e.g., Paragraph 27 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a) <u>For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions, pretrial proceedings, or trial proceedings)</u>. This Protective Order requires that the Producing Party affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>For testimony given in deposition or in other discovery-related proceedings</u>. This Protective Order requires that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the deposition transcript from the court reporter to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receipt of the deposition transcript if that period is properly invoked, that

the entire transcript shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "Highly Confidential – Attorneys' Eyes Only" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>. This Protective Order requires that the Producing Party affix in a prominent place on the exterior of the container(s) in which the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the protection being asserted.

27. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") to each page that contains Protected

Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

28. One party shall give the other party notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that the other party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto, are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect the document's designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

29. Inadvertent Failures to Designate. If timely corrected following the Designating Party's discovery of the inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

30. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time within the discovery period set by the District Judge. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

31. All challenges to confidentiality designations shall proceed under the Local Rule 37-1 through 37-4.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

32. <u>Basic Principles</u>. Unless otherwise permitted by this Protective Order, a Receiving Party must use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with This Action only for prosecuting, defending, or attempting to settle This Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When This Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below with respect to disposition of Protected Material.

33. Protected Material must be stored and maintained in a secure manner by a Receiving Party at a location that ensures that access is limited to the persons authorized under this Protective Order.

34. <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

    (a) the Receiving Party's Outside Counsel in This Action, as well as employees of the Receiving Party's Outside Counsel in This Action to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto;

    (d) the court and its personnel;

    (e) court reporters and their staff, professional jury, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for This Action;

    (f) during their depositions, witnesses in This Action to whom

disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

   (h) corporate representatives made available for deposition pursuant to Fed. R. Civ. P. 30(b)(6) by the Designating Party.

  35. <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

   (a) the Receiving Party's Outside Counsel in This Action, as well as employees of the Receiving Party's Outside Counsel in This Action to whom it is reasonably necessary to disclose the information for This Action;

   (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto, and (3) as to whom the procedures set forth in relevant part of Section VIII, below, have been followed;

   (c) the court and its personnel;

   (d) court reporters and their staff, professional jury, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

   (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

   (f) corporate representatives made available for deposition pursuant

to Fed. R. Civ. P. 30(b)(6) by the Designating Party.

## VIII. PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION OR ITEMS TO EXPERTS.

36.  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to Paragraph 35(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s).

37.  A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. A failure to provide an objection in the requisite time shall be taken as a confirmation that Protected Material may be disclosed to the Expert.

38.  All challenges to objections from the Designating Party shall proceed under Local Rule 37-1 through 37-4.

39.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

40.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in This

Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," that Party must:

    (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

41. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in This Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in This Action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

42. The terms of this Protective Order are applicable to information produced by a Non-Party in This Action and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Such information produced by Non-Parties in connection with This Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

43. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in This Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (c)    make the information requested available for inspection by the Non-Party.

44.    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.

45.    If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Nothing in this order authorizes or encourages a party to disobey a lawful directive from another court.

46.    Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

47.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

48. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## XIII. MISCELLANEOUS

49. <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the further.

50. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground not addressed in the Protective Order to use in evidence of any of the material covered by this Protective Order.

51. <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

52. <u>Computation of time</u>. The computation of any period of time prescribed or allowed by the Protective Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

53. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in This Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. ~~Good~~ Sufficient **cause for the under seal filing must be shown**. The fact that a document has been designated Protected Material under this Order is insufficient to justify filing under seal. Instead, the Parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a Party other than the Designating Party often will be seeking to file Protected Material, cooperation between the Parties in preparing, and in reducing the number and extent of, requests for filing under seal is essential. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless (1) the Designating Party seeks reconsideration within four (4) days of the denial, or (2) is otherwise instructed by the Court.

54. <u>Binding effect</u>. This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, parent corporations, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

### XIV. **FINAL DISPOSITION**

55. Within 60 days after the Final Disposition of This Action, as defined in Paragraph 16, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material."

56. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that:

(a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and

(b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

57. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV Duration.

The parties to the above captioned litigation having entered into the [Proposed] Stipulated Protective order, having filed the Stipulated Protective Order with the Court on May 2, 2016, and good cause being shown therefor,

IT IS HEREBY ORDERED that the Stipulated Protective Order is approved in its entirety and made the order of this Court.

Date: 5/12/2016

Honorable Alicia G. Rosenberg
United States Magistrate Judge

APPROVED AS TO FORM AND CONTENT:

Dated: May 2, 2016

/s/ Julie F. Stewart
Julie F. Stewart
GOLDBERG KOHN LTD.

|   |   |
|---|---|
| 1 | 55 East Monroe, Suite 3300 |
| 2 | Chicago, Illinois 60603<br>Telephone: (312) 201-3977 |
| 3 |   |
| 4 | *Attorney for Plaintiff*<br>*Wag Hotels, Inc.* |
| 5 |   |
| 6 Dated: May 2, 2016 | /s/ Jonathan Froemel |
| 7 | Jonathan Froemel |
| 8 | BARNES & THORNBURG LLP<br>One North Wacker Drive |
| 9 | Suite 4400<br>Chicago, IL 60606 |
| 10 |   |
| 11 | *Attorney for Defendant*<br>*Wag Labs, Inc.* |

*Filers Attestation: Pursuant to Local Rule 5-4.3.4(a)(2), the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of WAG HOTELS, INC. v. WAG LABS, INC., Case No. 2:15-cv-04408-RGK-AGR (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of This Action.

Date:

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____